# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

LAWRENCE TOWNSEND,

Plaintiff,

v.

BARRETT, *et al.*,

Defendants.

Case No. 2:23-cv-01813-APG-BNW

**ORDER**

On November 6, 2023, pro se plaintiff Lawrence Townsend, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). Plaintiff's application to proceed *in forma pauperis* is incomplete because Plaintiff did not submit a completed financial certificate on this Court's approved form and did not include an inmate trust fund account statement for the previous six-month period. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct these deficiencies by **January 5, 2024**.

## I.    DISCUSSION

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2);

Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Plaintiff's application to proceed *in forma pauperis* is incomplete. The Court will therefore deny Plaintiff's application to proceed *in forma pauperis* without prejudice and grant Plaintiff an extension of time to either pay the filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents.

## II.    CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

It is further ordered that Plaintiff has **until January 5, 2024,** to either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

///

///

///

///

///

///

///

2

The Clerk of the Court is directed to send Plaintiff the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 1) but not file it at this time.

DATED this 8th day of November 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE