**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAWRENCE TOWNSEND,

    Plaintiff

v.

BARRETT, et al.,

    Defendants

Case No.: 2:23-cv-01813-APG-BNW

**Order Denying Motion to Reopen Case**

[ECF No. 22]

Plaintiff Lawrence Townsend has filed a motion reopen his closed case because he is now back in the custody of the Nevada Department of Corrections (NDOC). In June 2024, I screened Townsend's first amended complaint (FAC) and permitted two of his claims to proceed but gave him leave to amend another claim. ECF No. 9 at 9-10. I informed Townsend that, if he did not file an FAC by July 17, 2024, the action would proceed immediately on his First Amendment free exercise and Eighth Amendment conditions-of-confinement claims. *Id.* at 10. When Townsend failed to file an FAC, the magistrate judge issued an order on August 8, 2024, to proceed immediately on his First and Eighth Amendment claims. ECF No. 10. The next day, the court received mail returned as undeliverable because Townsend had been discharged from prison. ECF No. 11. On August 29, 2024, the court received another mail returned as undeliverable with a notice that Townsend had been discharged from prison. ECF No. 13. The magistrate judge issued an order for Townsend to file an updated address with the court. ECF No. 14. When Townsend failed to comply with that order, I dismissed his case without prejudice on October 7, 2024, and vacated the scheduled inmate early mediation conference. ECF No. 18. The clerk of the court entered judgment accordingly. ECF No. 19.

Townsend has not filed any documents in this case for over a year.  On December 1, 2025, Townsend filed a notice of change of address that he was at High Desert State Prison (HDSP) and filed a motion to reopen his case. ECF Nos. 21, 22. In the motion, Townsend states he was released from HDSP in July 2024 and "left a forwarding address."  ECF No. 22 at 1. In August 2024, Townsend called the courthouse and the clerk's office told him that HDSP had returned his mail. *Id*. The clerk sent Plaintiff a change of address form which he emailed back to the court[1] before he was rearrested on October 4, 2024. *Id*.

## I.    DISCUSSION

Townsend in essence is asking me to set aside the judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1).  This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Id*. at 388.  In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*. at 395.

### *Prejudice to the Defendant*

To be prejudicial, the "standard is whether [defendants'] ability to pursue [their defenses] will be hindered."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  The delay must result in

---

[1] There is nothing on the docket sheet documenting receipt of this notice of change of address.

2

tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

In considering prejudice to the defendant, this factor neither weighs in favor of granting or denying the motion to reopen the case. Although the delay has most likely created a loss of evidence and difficulty with discovery for defendants because Townsend's allegations date back to 2022, the defendants had not been served in this case because the case was still in the pre-service screening stage.

**Length of the Delay**

Next, I consider whether Townsend's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395.

I find that the length of the delay weighs against reopening the case. Townsend received my screening order in June 2024 informing him that he had claims that would proceed if he did not file an FAC. Despite receiving this order, Townsend did not check on this case for over a year and did not immediately update the court with his address when he was released or back in custody. However, before the court learned of Townsend's disinterest in his lawsuit, it had scheduled a mediation with defendants and a volunteer mediator which it inevitably had to cancel.

**Reason for the Delay**

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388.

3

Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

Based on the motion, Townsend appears to have lost interest in his lawsuit after he was rearrested in October 2024 but has found a renewed interest over a year later. Although Townsend asserts that he left a forwarding address with the prison, he was informed by this court in an advisory letter when he initiated this action that he needed to "immediately file with the [c]ourt written notification of any change of address" including "moving to a new institution or being released on parole." ECF No. 2 at 1. The advisory letter warned Townsend that, if he failed to follow this rule, the court may dismiss his case. *Id*.

Townsend has not demonstrated excusable neglect. He ignored this case for over year. "Litigation is not a light switch that a party can turn off and on at his convenience." *Turner v. Nevada Dep't of Corr.*, No. 2:13-cv-01740-JAD-VCF, 2016 WL 4203818, at *4 (D. Nev. Aug. 8, 2016), *aff'd sub nom. Turner v. High Desert State Prison*, 695 F. App'x 336 (9th Cir. 2017).

### *Bad Faith*

For the last factor, I examine whether Townsend acted in bad faith when he ignored his lawsuit. While I cannot say he acted in bad faith, I also am not persuaded that he acted in good faith when he ignored this lawsuit for nearly a year. As explained above, Townsend no longer appeared interested in his lawsuit against prison officials for over a year but for some unknown reason now has a renewed interest.

After considering all four of the *Pioneer* factors, I find that the factors weigh against setting aside judgment. I deny Townsend's motion to reopen this case.

///

///

///

4

## II.   CONCLUSION

I THEREFORE ORDER that the motion to reopen this case **(ECF No. 22) is DENIED**.


Dated: March 17, 2026

_____
Andrew P. Gordon
Chief United States District Judge

5